IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SHARON WYNEE CASSADA,            )
                                 )
            Plaintiff,           )
                                 )
v.                               )     Case No. CIV-17-160-JHP-KEW
                                 )
COMMISSIONER OF THE SOCIAL       )
SECURITY ADMINISTRATION,         )
                                 )
            Defendant.           )

**REPORT AND RECOMMENDATION**

Plaintiff Sharon Wynee Cassada ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's applications for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 47 years old at the time of the ALJ's decision.  Claimant completed her high school education.  Claimant has worked in the past as a fast food manager, cashier, assistant manager, cook's helper, sales clerk, and retail manager.  Claimant alleges an inability to work beginning January 8, 2008 due to limitations caused by chronic regional pain syndrome, rheumatoid arthritis, migraine headaches, and an injury to her left foot.

**Procedural History**

On July 10, 2014, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On October 5, 2015, a hearing was held before Administrative Law Judge ("ALJ") Deidre O. Dexter in McAlester, Oklahoma. By decision dated March 8, 2016, the ALJ found that Claimant was not disabled during the relevant period and denied Claimant's request for benefits. On March 3, 2017, the Appeals Council denied review of the ALJ's decision. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the opinion of her treating physician; and (2) failing to reach a proper RFC determination.

### Consideration of the Opinion Evidence

In her decision, the ALJ determined Claimant suffered from the severe impairments of regional pain syndrome, osteoarthritis,

4

rheumatoid arthritis, and history of migraine headaches. (Tr. 22). She concluded Claimant retained the RFC to perform light work except that Claimant was able to lift, carry, push, and pull up to ten pounds frequently and 20 pounds occasionally, sit for up to eight hours in an eight hour workday, stand/walk for up to two hours in an eight hour workday.  Claimant should also have the option to sit or stand at will, without leaving the workstation. Claimant was able to climb ramps, stairs, ladders, ropes, and scaffolds occasionally and was able to occasionally kneel, crouch, and crawl. (Tr. 27). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of food and beverage order clerk, charge account clerk, and document specialist, all of which the vocational expert testified existed in sufficient numbers in the national and regional economies. (Tr. 36). As a result, the ALJ determined Claimant had not been under a disability from January 8, 2008, the alleged onset date, through March 31, 2014, the date last insured. Id.

Claimant contends the ALJ failed to properly evaluate the opinions of her treating physician, Dr. Thomas Flesher. Dr. Flesher addressed Claimant's orthopedic issues with her left foot and knee. (Tr. 410). Claimant had arthrotomy of her first metatarsal phalangeal joint for removal of a loose body. Id. On August 1, 2008, Dr. Flesher limited Claimant to lifting/carrying no

more than 25 pounds, no repetitive squatting, kneeling, or crawling, no standing for over two hours in an eight hour day, and the ability to change positions as needed. Id. He opined that Claimant had been "incredibly slow to recovery" but that she had reached maximum medical improvement. (Tr. 411).

On March 25, 2009, Dr. Flesher re-evaluated Claimant's foot. Claimant had marked sensitivity around the left forefoot, primarily around the great toe area. She did not have a lot of swelling or discoloration but did have a purplish discoloration along the lateral one-quarter of her toenail. Any movement of her first metatarsal phalangeal joint was quite painful and she had extreme sensitivity of the left forefoot. Her pulses were intact and her range of motion of her great toe was good. She could dorsiflex about 45 degrees and plantar flex about five degrees. Dr. Flesher diagnosed Claimant with complex regional pain syndrome Type I. He allowed Claimant to return to work with restrictions of standing/walking limited to one hour per shift, change positions as needed and limited climbing, kneeling, crawling, and squatting. (Tr. 409).

The ALJ recited Dr. Flesher's August 31, 2007, November 2, 2007, January through August, 2008, and the March 25, 2009 reports. (Tr. 32). The ALJ afforded Dr. Flesher's opinions "great weight" as Claimant's treating surgeon because they are supported by and

6

consistent with the medical evidence of record as a whole. (Tr. 33). However, the ALJ failed to recognize the restriction from March of 2009 imposed by Dr. Flesher restricting Claimant to one hour of standing and walking. Dr. Flesher did not schedule follow up visits in order to modify this restriction, suggesting that the limits were of an extended duration. Moreover, Claimant's continuing problems with her left foot were supported by the examination performed by Dr. Amal E. Moorad, which indicated Claimant had a significant amount of hypersensitivity to the touch and true allodynia, as well as tenderness over the entire left ankle and left knee, discoloration, swelling, decreased range of motion, and limping. (Tr. 502).

When evaluating the evidence, the ALJ cannot pick and choose the evidence upon which she relies simply because it supports her finding of non-disability. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004). The ALJ discussed Dr. Flesher's opinion to the extent it supported her ultimate findings on Claimant's RFC but did not mention the restriction which was not included in the RFC. If the ALJ rejected this portion of the opinion as she seemingly did, she must set forth the reasoning for doing so - especially when she expressly states the opinion is given great weight. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). On remand, the ALJ shall consider Dr. Flesher's March, 2009 restriction to one hour of

standing and walking and either include the restriction in the RFC or explain the basis for rejecting the limitation.

### RFC Determination

Claimant also asserts that the ALJ failed to consider the medical evidence which indicated she suffered from manipulative limitations in her hands during the relevant period. The ALJ found Claimant testified her hand limitations did not begin until October of 2014 which was after the date last insured. (Tr. 29-30). The July 2014 functional report indicated Claimant was having problems with her hands. (Tr. 330). Additionally, the medical record contains evidence that Claimant had an MRI of her hand which indicated small to medium sized effusions, mild to moderate wrist joint synovitis, and some erosive changes in some of her finger joint heads. (Tr. 539). The ALJ failed to reference Claimant's reported hand pain and swelling during visits to Dr. Alan L. Martin between December of 2010 and October of 2011. (Tr. 534-38). She also failed to mention Claimant's hand and wrist pain and swelling and observed joint tenderness by Dr. Martin from March of 2012 through April of 2014. (Tr. 516-19, 521-30, 532-33).

The ALJ is not required to discuss every piece of evidence. But it is clear that, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as

significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996)(citations omitted). The ALJ failed to consider probative evidence of significant limitations in Claimant's hand and wrist which might affect her ability to engage in manipulative functions. On remand, the ALJ shall consider the totality of the evidence concerning Claimant's manipulative impairments and the limitations upon her ability to engage in basic work activity that they might impose.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case should be **REMANDED** for further proceedings.

The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of July, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE